IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 18, 2012

## DAVID EASTON JONES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2000-C-1550      J. Randall Wyatt, Jr., Judge**

**No. M2011-01450-CCA-R3-PC - Filed June 12, 2012**

The *pro se* petitioner, David Easton Jones, appeals the post-conviction court's summary dismissal of his petition for post-conviction relief. Because due process considerations may toll the statute of limitations in this case and the post-conviction court did not make such determination, we reverse the post-conviction court's summary dismissal of the petition and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE, J., joined. ROGER A. PAGE, J., filed a dissenting opinion.

David Easton Jones, Manchester, Kentucky, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

From the meager record before us, we discern that on June 5, 2001, the petitioner pled guilty in a Davidson County Criminal Court to three counts of possession with intent to sell .5 grams or more of cocaine, one count of sale of over twenty-six grams of cocaine, and one count of theft of property over $1000, and he was sentenced to an effective term of seventeen years at forty-five percent. On June 3, 2002, the petitioner filed a petition for post-conviction relief, which the post-conviction court granted after a hearing and vacated

the petitioner's convictions.

On January 30, 2003, the petitioner pled guilty to the same charges and received, under the plea agreement, a total effective sentence of twenty-three years at thirty percent. The petitioner filed the instant untimely petition for post-conviction relief on May 2, 2011, in which he contended that his second guilty pleas were unknowingly and involuntarily entered and that he received the ineffective assistance of counsel, because, among other reasons, counsel did not file a direct appeal as he said he would. On May 23, 2011, the post-conviction court summarily dismissed the petition on the basis that it was filed outside the one-year statute of limitations. A timely notice of appeal was filed on June 15, 2011.

**ANALYSIS**

Under the Post-Conviction Procedure Act of 1995, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2006).

The post-conviction statute contains a specific anti-tolling provision, stating:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id. Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered: (1) when the claim is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial and which requires retrospective application; (2) when the claim is based upon new scientific evidence establishing that the petitioner is innocent; and (3) when a previous conviction that was not a guilty plea and which was used to enhance the petitioner's sentence has been held to be invalid. Id. § 40-30-102(b).

The post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. See Seals v. State,

23 S.W.3d 272, 278-79 (Tenn. 2000).

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner." The test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined."

Id. at 277-278 (quoting Burford v. State, 845 S.W.2d 204, 207 (Tenn. 1992)).

> [C]ourts should utilize a three-step process: (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising" determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995). The principles of due process are flexible, requiring a balancing of the petitioner's liberty interest against the state's finality interests. Sample v. State, 82 S.W.3d 267, 273-74 (Tenn. 2002).

Circumstances beyond a petitioner's control may justify tolling the statute of limitations. In Williams v. State, 44 S.W.3d 464, 471 (Tenn. 2001), our supreme court recognized that the petitioner filed his petition for post-conviction relief after the statute of limitations had expired but affirmed this court's remanding the case for an evidentiary hearing in order for the trial court to address the petitioner's allegation that his attorney's misrepresentation caused his petition to be late-filed, "thereby requiring the tolling of the limitations period." In doing so, the court stated that "an attorney's misrepresentation, either attributable to deception or other misconduct, would . . . be beyond a defendant's control." Id. at 469. However, the court also noted that its opinion in Williams did "not hold[ ] that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence." Id. at 468 n.7.

The post-conviction court found that the petitioner pled guilty on January 30, 2003, and did not file the present petition until May 2, 2011, approximately seven years after the expiration of the statute of limitations, and that the petitioner did not allege a valid basis for tolling the limitations period. True, the petitioner did not allege a statutory ground for considering the untimely petition, see Tenn. Code Ann. § 40-30-102(b), but the petitioner did allege in his petition that the statute of limitations should not bar his claim because

counsel "advised that he had appealed the case, but that it was affirmed [and the petitioner] only found out recently that counsel neither appealed nor filed a notice, although [the petitioner] asked him to do so."  Therefore, due process *could* toll the statute of limitations on the petitioner's time to file if there were, in fact, misrepresentations by counsel as to his continued representation, but it does not appear that the post-conviction court addressed such consideration.  Accordingly, even though the petitioner clearly filed his petition beyond the statute of limitations, in light of his assertion that he believed counsel was filing a direct appeal on his behalf and the relevant precedent, we are constrained to remand the case to the post-conviction court for an evidentiary hearing to determine:

> (1) whether due process tolled the statute of limitations so as to give the [petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the [petitioner]'s filing of the post-conviction petition in [May 2011] was within the reasonable opportunity afforded by the due process tolling.

Williams, 44 S.W.3d. at 471.

## **CONCLUSION**

We reverse the post-conviction court's summary dismissal of the petitioner's petition for post-conviction relief and remand for further proceedings consistent with this opinion.

_____
ALAN E. GLENN, JUDGE